IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD M. STAFFORD,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 20-2665 |
| JOSH SHAPIRO,<br>Attorney General for the<br>State of Pennsylvania.<br>    Defendant. | :<br>:<br>:<br>:<br>: |

## MEMORANDUM OPINION

**GOLDBERG, J.**                                                                                                                **JUNE 30, 2020**

Plaintiff Reginald M. Stafford, a prisoner currently incarcerated at State Correctional Institution – Somerset ("SCI Somerset"), proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983. However, Stafford has failed to file a motion for leave to proceed *in forma pauperis* and submit a certified copy of his institutional account statement for the entire six-month period preceding his filing of this action. Stafford has also failed to pay the fees necessary to commence this action. Because it appears, however, that Stafford's claims are not cognizable under § 1983, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## I.    FACTUAL ALLEGATIONS

Stafford brings this civil rights action against Josh Shapiro, the Attorney General for the Commonwealth of Pennsylvania, pursuant to 42 U.S.C. § 1983, alleging deprivations of his civil rights under the First, Fourth, and Fourteenth Amendments. (ECF No. 1 at 16-18.)[1] Although brought as a civil rights action under § 1983, none of the factual allegations in the Complaint

---

[1]    I adopt the pagination supplied by the CM/ECF docketing system.

specifically identify any action or inaction on the part of Defendant Shapiro that Stafford claims violated his civil rights. Rather, Stafford's factual allegations consist of a long, detailed recitation of multiple different court filings and proceedings in which he was involved, dating back as early as his arrest in February of 1970 for aggravated robbery, murder, and conspiracy[2] through the filing of a habeas petition in 2009 and a civil rights action in 2015 in the United States District Court for the Western District. (*Id.* at 3-15.) Stafford then claims in a broad, conclusory fashion that Shapiro is acting "unlawfully" to "cover-up" constitutional infirmities in these prior proceedings (including his original criminal prosecution) and filings and in doing so is violating Stafford's rights under the Fourteenth Amendment.[3] (*Id.* at 16-18.) Stafford seeks relief in the form of $50,000 in damages "per day" (presumably with respect to his days of incarceration), a jury trial, and appointment of competent counsel to assist Stafford in presenting his grievances. (*Id.* at 1, 19.)

## II.  STANDARD OF REVIEW

Stafford has neither paid the fees to commence this civil action nor filed a motion to proceed *in forma pauperis* that complies with the requirements of 28 U.S.C. § 1915. Until recently, I would have been precluded from addressing his pleadings unless and until he either paid the fees or was granted leave to proceed *in forma pauperis*. *See, e.g.*, *Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472, 474 (3d Cir. 2008) (per curiam) (explaining that district court erred in addressing complaint before IFP was granted, because the "complaint was not yet subject to

---

[2]   A review of public records indicates that Stafford was arrested on or about February 27, 1970 and later found guilty and sentenced to life in prison. *See Commonwealth v. Stafford*, CP-51-CR-0417161-1970 (C.C.P. Phila. 1970).

[3]   For example, Stafford contends that Shapiro "deliberately deprived" him of his 14th Amendment rights "in that defendant covered up the fact that [Stafford] was arrested in violation of the Fourth Amendment[.]" (*Id.* at 15.)

dismissal"); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 458 & n.13 (3d Cir. 1996) (explaining that an action commences when a plaintiff pays the fees or following a determination that the litigant is entitled to *in forma pauperis*). However, in *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc), the United States Court of Appeals for the Third Circuit recently announced a "flexible approach" that permits the screening of complaints filed by prisoners pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status.

Section 1915A requires that I "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, I must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or if the complaint "seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b)(1),(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires a court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Stafford is proceeding *pro se*, I construe his allegations liberally. *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Stafford purports to bring this action under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Although the precise nature of Stafford's claims is unclear, as set forth more fully below, even liberally construed, the Complaint fails to state a claim for relief.

To the extent Stafford's claims are meant to challenge his confinement and seek his release based on issues in the underlying criminal prosecution,[4] such claims are not cognizable under § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, because Stafford cannot seek his release from custody under § 1983, this Complaint is dismissed with prejudice pursuant to § 1915A to the extent it raises such a claim. As any attempt to amend with respect to this issue would be futile, leave to amend will not be granted.

To the extent Stafford is pursuing claims for damages based on a variety of constitutional infirmities that he alleges are present in his underlying conviction and imprisonment, those claims

---

[4] One specific issue that Stafford appears to raise is that the medical examiner offered by the Commonwealth perjured testimony at his trial which lead to his conviction. (ECF No. 1 at 4-7.) The Third Circuit has previously recognized that "to the extent . . . [a plaintiff] was challenging his conviction and sentence by claiming that his conviction was based on perjured testimony, his sole federal remedy is by way of habeas corpus pursuant to 28 U.S.C. § 2254." *See Smith v. Delaware*, 624 F. App'x 788, 790 (3d Cir. 2015) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Accordingly, any such claim by Stafford is precluded here as well.

fail as well. In order to recover damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). Here, neither Stafford's conviction nor sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus. Accordingly, Stafford cannot maintain a claim under § 1983 at this time to the extent he seeks damages based on his allegedly unlawful imprisonment. Thus, his claims will be dismissed without prejudice. Stafford may file a new case on these grounds only if a challenge to his conviction or sentence is later resolved in his favor.

      To the extent the Complaint can be understood as attempting to raise § 1983 claims against Shapiro that are not barred under *Heck*, those claims also fail. Although Stafford named Shapiro as a defendant, the Complaint does not contain any allegations of personal involvement by Shapiro in Stafford's prosecution or conviction. With the exception of a 2015 civil rights suit Stafford filed against corrections officials at SCI Somerset in which Shapiro had no role, every remaining

factual allegation in the Complaint predates Shapiro's election in November of 2016[5] and involves a host of grievances that do not appear to concern Shapiro or his office.  Rather, the Court understands Stafford's claims against Shapiro to be solely based on his present role as Attorney General and any actions he took in that capacity, but that alone does not support a claim.

"A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations."  *See Randolph v. Henderson*, Civ. A. No. 15-246, 2015 WL 3542533, at *2 (D. Del. May 15, 2015) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)).  As there are no factual allegations of personal involvement by Shapiro, I cannot discern any legal basis for Shapiro's liability here, and the claims against him must be dismissed.  *See Addlespurger v. Corbett*, 461 F. App'x 82, 86 (3d Cir. 2012) (affirming dismissal of "claims against former Attorney General Corbett in his individual capacity fail because [plaintiff] failed to allege any personal involvement in the purported violation of his rights"); *see also Pilot v. Snyder*, 15-13191, 2016 WL 6651847, at *2 (E.D. Mich. May 16, 2016), report and recommendation adopted, 15-13191, 2016 WL 3548218 (E.D. Mich. June 30, 2016), *aff'd*, 16-2044, 2017 WL 4014975 (6th Cir. May 11, 2017) (finding that plaintiff failed to state a plausible § 1983 claim against the Attorney General because plaintiff had "not identified any personal involvement by" the Attorney General who was "not in office at the time," and therefore "certainly did not have personal involvement" in plaintiff's earlier conviction); *Randolph*, 2015 WL 3542533, at *2 (D. Del. May 15, 2015) (dismissing § 1983 claims against Delaware Attorney General as legally frivolous where plaintiff failed to make factual allegations directed toward the Attorney General).

---

[5]  I take judicial notice that Shapiro was elected to serve as Attorney General of Pennsylvania in November of 2016.

Accordingly, any claim against Shapiro is legally frivolous and will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[6]

## IV. CONCLUSION

For the foregoing reasons, I will dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). Stafford is not be permitted to file an amended complaint because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). I will dismiss the case with prejudice with the exception of those claims barred by *Heck*, which I will dismiss without prejudice to be reasserted only in the event that Stafford successfully challenges his conviction and sentence.

An appropriate Order follows.

---

[6] Even assuming Stafford could allege facts demonstrating personal involvement by Shapiro, claims against Shapiro, in either his official or individual capacity, would still fail. Any official capacity claims against the Office of the Attorney General of the Commonwealth of Pennsylvania are, in actuality, claims against the Commonwealth and are barred under the Eleventh Amendment. *See Addlespurger v. Corbett*, 461 F. App'x 82, 86 (3d Cir. 2012) ("As to the State defendants, to the extent they were sued in their official capacity, the claims are barred by the Eleventh Amendment. Any official capacity claim fails because the Pennsylvania Office of the Attorney General . . . share[s] in the immunity conferred to the States by the Eleventh Amendment."). As to individual capacity claims, the Third Circuit has previously recognized that the Attorney General is "absolutely immune from suit for monetary damages because [his] alleged actions were within the scope of the function of 'initiating a prosecution and presenting the State's case[.]'" *See DeAngelo v. Brady*, 185 F. App'x 173, 174-75 n.1 (3d Cir. 2006) (affirming district court's dismissal on the issue of prosecutorial immunity) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Accordingly, even assuming Stafford had pled a factual basis supporting Shapiro's personal involvement in his prosecution, those claims must be dismissed with prejudice as Defendant Shapiro is immune from suit for money damages.